## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| STEPHEN P. JURINKO, et al., | : |
| Plaintiffs, | : |
| v. | :     CASE NO. 03-CV-4053 |
| | : |
| THE MEDICAL PROTECTIVE CO., | : |
| Defendant. | : |

---

### MEMORANDUM AND ORDER

Rufe, J.                                                                July 30, 2009

## I.  INTRODUCTION

This action for bad faith on the part of an insurer has proceeded through a jury trial, post-trial litigation, and an appeal.  At trial, Plaintiffs Stephen and Cynthia Jurinko ("Plaintiffs") won a very large award comprised of compensatory and punitive damages.  Both Defendant Medical Protective Company ("Defendant") and Plaintiffs appealed with respect to various matters.  The Third Circuit Court of Appeals altered only one aspect of the challenged rulings, reducing the amount of the punitive damages award.  After entering its Judgment, that court denied rehearing earlier this year.  The parties subsequently filed Motions which are presently before the Court.  One is Plaintiffs' Motion for Supplemental Attorneys Fees and Statutory Interest,[1] in which only the request for attorneys fees remains at issue as the request for statutory interest has been withdrawn.[2] The second is Defendant's Amended Motion for Partial Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b).[3]  After a brief review of the relevant factual and procedural

---

[1] Doc. No. 110 ("Pls.'s Mot.").

[2] See Pls.'s Reply in Support of Pls.'s Mot., at 2 ("Pl.'s Reply") [Doc. No. 114].

[3] Doc. No. 121 ("Def.'s Mot.").

background, the Court considers the two Motions at bar.

## II. BACKGROUND

The Court assumes familiarity with the facts of this case, which are reviewed in detail in prior opinions of this Court and the opinion of the Third Circuit Court of Appeals,[4] and recites only the facts necessary to an understanding of the instant Motions. Plaintiffs sued Defendant for bad faith by an insurer, in violation of Pennsylvania law. Plaintiffs had previously won an insurance malpractice action in state court against Defendant's insured, Dr. Paul Marcincin. The damages awarded in the state court action exceeded Dr. Marcincin's insurance coverage by $1.3 million. However, Plaintiffs determined that Dr. Marcincin had a viable bad faith claim against Defendant based on its conduct in the state litigation, and in return for the assignment of his bad faith claim, they negotiated the release of their claim for the excess judgment against him.

After a trial in this Court, a jury found Defendant liable for bad faith and awarded Plaintiffs compensatory damages of $1,658,345 and punitive damages of $6,250,000. The Court entered judgment in the amount of the total jury award ($7,908,345), and Defendant moved for judgment as a matter of law or a new trial, which Motion was denied. Plaintiffs then moved to mold the verdict, pursuant to the Pennsylvania Bad Faith Statute,[5] to include attorneys' fees, costs, and statutory interest. Plaintiffs' Motion was granted in part and denied in part.[6] In particular, the Court molded the verdict to reflect attorneys' fees calculated using the lodestar method, as opposed to the percentage of recovery method forwarded by Plaintiffs, and to reflect some but not all of the

---

[4] See Mem. Op. and Order Denying Post-Trial Mot. for J. as a Matter of Law or New Trial, March 27, 2006 [Doc. No. 91]; Jurinko v. Medical Protective Co., 305 Fed. Appx. 13 (3d Cir. 2008).

[5] 42 Pa. Cons. Stat. Ann. § 8371.

[6] Mem. Op. and Order Denying Def.'s Mot. for Recons. and Granting in Part and Denying in Part Pls.'s Mot. to Mold Verdict June 26, 2006 ("June 26, 2006 Mem. Op.") [Doc. No. 100].

requested interest and costs.  The Court awarded: attorneys' fees in the amount of $323,167.50, plus interest on the fee award in the amount of $46,256.31, for a total attorney-fee-plus-interest award of $369,423.81;[7] costs in the amount of $15,438.06; and interest on the compensatory award from October 19, 2005 through the date of the Order at a rate of prime plus three percent.

Defendant appealed and Plaintiffs cross-appealed.  Defendant's appeal contested the jury's finding of bad faith, the constitutionality of the jury's punitive damages award, and the sufficiency of the evidence supporting the award.  Plaintiffs' cross-appeal contested this Court's partial denial of their Motion to Mold the Verdict, arguing the Court erred in denying their request for additional bad faith interest and in using the lodestar method to calculate attorneys fees rather than the percentage of the recovery method.  The Court of Appeals rejected Plaintiffs' contentions on both issues and affirmed this Court's Order molding the verdict.  As to Defendant's appeal, the appellate court affirmed the judgment entered on the verdict, but found the punitive damages award unconstitutionally excessive and reduced it to an amount equal to the compensatory damages award. On December 24, 2008, the Court of Appeals filed a Judgment in the matter which reflected the rulings just mentioned and stated that the parties were to bear their own costs.[8]  Defendant petitioned for rehearing by the Court of Appeals on January 7, 2009, which petition was denied on January 28, 2009.[9]

On February 11, 2009, Plaintiffs filed their Motion for Supplemental Attorneys' Fees

---

[7] In determining the appropriate attorneys' fee award amount, the Court discussed at some length its "favorable impression of counsel's work," id. at 17, and also considered the fact that Plaintiffs' counsel had entered into a contingency fee agreement with their clients whereby counsel were entitled to one-third of any judgment for the Plaintiffs.  See id. at 20.

[8] The Court of Appeals issued a certified copy of the judgment in lieu of a formal mandate on February 5, 2009. [Doc. No. 109].

[9] Pls.'s Mot. Ex. B (January 28, 2009 Order of the Third Circuit Court of Appeals denying petition for rehearing of Defendant).

in this Court.[10]  They did not file a similar request in the Court of Appeals.  Plaintiffs request additional counsel fees in the amount of $125,436.25 for certain work performed between November 8, 2005, and February 10, 2009 by Mark W. Tanner, Esquire, and Peter M. Newman, Esquire, both of the law firm of Feldman Shepherd Wohlgelernter Tanner Weinstock & Dodig, and Mark Frost, Esquire, and Greg Zeff, Esquire, both of the law firm of Frost & Zeff.  Based on the itemized statements of hours worked that were submitted in support of Plaintiffs' Motion, it appears that Plaintiffs seek counsel fees for work done in connection with the post-trial and appellate litigation described above, as well as for work done to prepare the instant Motion.

On March 27, 2009, Defendant filed its Amended Motion for Partial Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b).  Defendant asks the Court to reduce the amount of the previously ordered fee award for Plaintiffs' attorneys, on the basis of the Court of Appeals' decision reducing the punitive damages award herein to the maximum amount that is constitutionally permissible in this case.  Defendant argues' that the attorney fee award should be reduced to an extent that is proportionate to the extent of the reduction of the overall damages award effectuated through the ruling of the Court of Appeals.

On April 3, 2009, Plaintiffs filed a praecipe to mark the judgment satisfied, without prejudice to Plaintiffs' Motion for Supplemental Attorneys Fees.[11]  The Clerk of Court marked the judgment satisfied on April 6, 2009.

The two Motions described above have been fully briefed and are ripe for disposition. They are addressed in turn, below.

---

[10] As previously noted, this Motion includes a request for statutory interest as well as supplemental counsel fees, but since the Motion's filing, the request for interest has been withdrawn.  Hence, the Court here and hereinafter refers to Plaintiffs' Motion as one for supplemental attorneys fees only.

[11] Doc. No. 122.

### III.  DISCUSSION

*A.  Plaintiffs' Motion for Supplemental Attorneys Fees*

Plaintiffs seek supplemental counsel fees for work their attorneys performed related to Defendant's post-trial Motions, Defendant's appeal and the instant Motion.  Plaintiffs assert that they do not seek fees for work done in furtherance of their cross-appeal.  Defendant opposes the Motion, arguing, in the alternative, that the Court does not have subject matter jurisdiction to entertain it, that Plaintiffs waived any right to seek such fees by failing to comply with the Third Circuit's procedural rule governing appellate attorney fee petitions, and, that some of the fees sought by Plaintiffs are not appropriately recoverable.

Defendant contends the Court lacks jurisdiction to adjudicate Plaintiffs' request for attorneys fees as a result of the Judgment of the Court of Appeals.  As Defendant notes, the Judgment in lieu of a mandate affirms this Court's rulings but reduces Plaintiffs' punitive damages award, states that the parties must bear their own costs, and is silent as to appellate attorneys' fees, despite the fact that Plaintiffs apparently requested appellate attorneys' fees in an appellate brief. In its Judgment, the Court of Appeals does not remand the case to this Court.

Defendant marshals one case, Briggs v. Pennsylvania R. Co., in support of its position that such mandate precludes the Court from hearing this Motion.[12]  In Briggs, a money verdict which was dismissed immediately after a jury trial, and hence included no interest, was reinstated by a federal appellate court and remanded for entry of judgment.  The circuit court's mandate did not speak to interest on the verdict.  On remand, the district court entered judgment and added interest from the date of the original verdict.  The Supreme Court ruled that because the circuit court's mandate did not provide for such interest, the district court lacked power to enlarge the judgment by

---

[12] 334 U.S. 306 (1948).

adding interest from the time of the jury verdict to the time of the mandate.  "The <u>Briggs</u> rule has been codified in Fed. R. App. P. 37," governing interest on money judgments adjudicated on appeal.[13]  <u>Briggs</u> addresses not attorneys fees, but a rule of post-judgment interest after appeal. Defendant points to no case supporting its broad application of <u>Briggs</u>, and the Court has identified none.  <u>Briggs</u> does not govern the matter at bar.

Similarly unavailing is Defendant's argument that the Third Circuit's statement in the Judgment, "Parties to bear their own costs," disposes of the question of attorneys fees and so demonstrates this Court's lack of jurisdiction to hear the present request.  As Defendant is surely aware, "costs" and "attorneys fees" are regularly differentiated in the law, and in particular in federal procedural law.[14]  The circuit court's ruling as to costs does not resolve the jurisdictional matter at bar.

The Court finds some appeal in Defendant's argument that, because the Court of Appeals did not order remand in its Judgment to affirm, generally speaking, the case is "over," and this Court lacks jurisdiction to hear Plaintiffs' supplemental fee request.[15]  It is beyond dispute that remand to the district court is not automatically or implicitly accomplished through mere affirmance

---

[13] <u>Stewart v. Donges</u>, 20 F.3d 380, 382 (10th Cir. 1994).  Federal Rule of Appellate Procedure 37 provides:

(a) When the Court Affirms.  Unless the law provides otherwise, if a money judgment in a civil case is affirmed, whatever interest is allowed by law is payable from the date when the district court's judgment was entered.

(b) When the Court Reverses.  If the court modifies or reverses a judgment with a direction that a money judgment be entered in the district court, the mandate must contain instructions about the allowance of interest.

Fed. R. App. P. 37 (1998).

[14] <u>Compare</u> Fed. R. App. P. 39 ("Costs") (providing rules governing, in general, how costs are taxed after the disposition of an appeal) <u>and</u> L.A.R. Misc. 108 ("Application for Attorneys' Fees and Expenses") (noting, in the attendant Committee Comment, that this Local Appellate Rule has no counterpart in the Federal Rules of Appellate Procedure); <u>see also</u> Fed. R. Civ. P. 54(d) (differentiating between "costs" and "attorney's fees").

[15] Def.'s Resp. Mem. in Opp'n [Doc. No. 112], at 1.

by a circuit court on appeal.  Under 28 U.S.C. § 2106, an appellate court "may" remand a cause after affirmance for any number of purposes, but it is not required do so.[16]  Absent remand, the basis for this court to hear the instant Motion for fees may be questionable.

Plaintiffs cite a lone case that purportedly shows that this Court has jurisdiction to consider the instant fee request.  In that case, <u>Gallatin Fuels, Inc. v. Westchester Fire Insurance Company</u>, the plaintiff sued the defendant insurer in a federal district court for breach of contract and bad faith under Pennsylvania law.[17]  After trial, the jury awarded compensatory and punitive damages to the plaintiff.  The district court reduced the punitive damages award and entered judgment.  Approximately two months later, the district court denied the defendant's motion for judgment as a matter of law and granted the plaintiff's motion for attorneys' fees, costs and prejudgment interest.  The district court did not then amend or conform the judgment to reflect the awarded fees, costs and interest.  After the parties appealed certain matters, the Third Circuit Court of Appeals reversed the jury finding as to breach of contract and vacated the compensatory damages award for breach of contract.  The Third Circuit denied party petitions for rehearing and issued a Judgment in lieu of a formal mandate.  The Judgment directed that the parties were to bear their own costs, and did not provide for remand.[18]  Subsequently, the defendant filed a motion to amend the judgment pursuant to Federal Rule of Civil Procedure 59, seeking to vacate the district court's prior award of prejudgment interest based, in part, on the finding of liability on the breach of contract claim that the circuit court had reversed.[19]  The district court considered the motion as one for relief

---

[16] 28 U.SC. § 2106 (1948).

[17] No. 02-2116, 2007 WL 3231829, at *1 (W.D. Pa. Oct. 31, 2007).

[18] <u>Id.</u>

[19] <u>Id.</u> at *1-*2.

from final judgment under Federal Rule of Civil Procedure 60, and noted that it had jurisdiction to adjudicate a Rule 60 motion "even where the appellate mandate did not so provide."[20]  The district court also entertained a motion filed by the plaintiff to conform the judgment to reflect the previously awarded fees, costs and interest, and for appellate attorneys' fees.  The jurisdictional basis for the court to adjudicate the appellate attorneys' fees request was apparently not questioned by the defendant.  Although it is plain from events that the district court determined that it had jurisdiction to hear the appellate fee request, no explanation for this determination appears in the decision.

Gallatin and this case have some plain similarities and some clear differences.  One difference is that Gallatin involved a blended affirmance and reversal by the Court of Appeals, where this case does not.  Likeness aside, however, Gallatin does not aid the Court in the present jurisdictional inquiry because the court in that matter simply did not address or explain the source of its jurisdiction to hear the request for appellate attorneys' fees, where the circuit court did not remand for such purpose – or at all.  Gallatin thus offers Plaintiffs little of substance with which to support their jurisdictional argument.

However, the Court need not determine whether it lacks jurisdiction to adjudicate the fee Motion due to the absence of circuit court remand, because Plaintiffs' Motion suffers from different jurisdictional flaws, as will be seen.  The Motion seeks supplemental attorneys fees for three distinct categories of attorney work.  Taken chronologically, these are: post-trial litigation in this Court; appeal; and preparation of the instant Motion for fees.

The pre-appeal, post-trial litigation in this Court, including Plaintiffs' successful opposition to Defendant's Motions for judgment as a matter of law and for reconsideration, and

---

[20] Id. at *2 (citing Standard Oil Co. of Ca. v. United States, 429 U.S. 17, 19 (1976) (holding that after issuance of an adjudication on appeal, party in cause not required to obtain leave of appellate court before filing a motion under Fed. R. Civ. P. 60 in the district court)).

Plaintiffs' partially successful Motion to mold the verdict, concluded with this Court's Order of June 26, 2006. By that Order, the Court denied Defendant's Motion for reconsideration, granted in part and denied in part Plaintiffs' Motion to mold the verdict, and entered judgment for the Plaintiffs.[21] The parties did not file appeals until nearly thirty days after the entry of this Court's entry of judgment. Pursuant to Federal Rule of Civil Procedure 54(d)(2), the parties had fourteen days from the entry of judgment in which to file a motion for attorneys' fees for work done to date.[22] Plaintiffs did not comply with timing element of this Rule, which, by its terms, is mandatory.[23] Plaintiffs thus waived any claim for attorneys' fees for post-trial, pre-appeal work, and their present request for such fees will be denied.

Plaintiffs next ask this Court to award them appellate attorneys' fees. Miscellaneous Local Rule of Appellate Procedure 108 ("L.A.R. Misc. 108") governs applications for appellate attorneys' fees and expenses in the Third Circuit Court of Appeals.[24] In relevant part, L.A.R. Misc. 108 provides:

> 108.1 Application for Fees
> (a) Except as otherwise provided by statute, all applications for an award of attorney's fees and other expenses relating to a case filed in this Court, regardless of the source of authority for assessment, shall be filed within thirty (30) days after the entry of this Court's judgment, unless a timely petition for rehearing or suggestion for rehearing in banc has been filed, in which case a request for attorney's fees shall be filed within fourteen (14) days after the Court's disposition of such petition or suggestion. Such application shall be filed with the Clerk in the time set forth above whether

---

[21] See Doc. No. 100.

[22] Fed. R. Civ. P. 54(d)(2) (2007). Rule 54(d)(2) provides, in relevant part: "(A) A claim for attorney's fees . . . must be made by motion . . . . (B) Unless a statute or a court order provides otherwise, the motion must: (i) be filed no later than 14 days after the entry of judgment."

[23] See id. (providing that motion for attorney's must be filed within fourteen days of the entry of judgment).

[24] L.A.R. Misc. 108. But see Gallatin, 2007 WL 3231829 (awarding appellate attorneys' fee application which was not filed pursuant to L.A.R. Misc 108, without reference to L.A.R. Misc. 108).

or not the parties seek further action in the case or further review from any Court.
> . . . .

108.2 Objections to Applications for Fees
> Written objections to an allowance of attorney's fees, setting forth specifically the basis for objection, shall be filed within ten (10) days after service of the application.  Thereafter, the Court may, when appropriate, either refer the application to the district court where the case originated or refer the application to a Master.

Under L.A.R. Misc. 108, requests for attorneys' fees for work on cases before the Third Circuit Court of Appeals must be filed in that court.  That L.A.R. Misc. 108 requires appellate attorney fee applications to be filed with the Third Circuit and not the district court is underscored in section 108.2, which describes circumstances in which such fee applications may be referred by the circuit court to the district court.[25]  Thus, in the case <u>Wolgin v. Kennington Limited, Inc.</u>, a court in this District denied a party's motion for attorneys' fees and expenses incurred in connection with an appeal, where the application was made directly to the district court.[26]  Referring to L.A.R. Misc. 108, the court denied the motion, stating, "[t]he language of the rule is clear.  In order to recover attorney's fees . . . relating to any case filed in the Third Circuit Court of Appeals, parties must file in accordance with Rule 108.1.  Therefore, this matter is not before the proper court."[27]  Here, Plaintiffs filed their appellate fee application in this Court, not in the Court of Appeals as required

---

[25] Cases from within this Circuit and District reflect the proper procedure by which an appellate counsel fee request may be determined by a district court, i.e., the process contemplated in L.A.R. Misc. 108.2, whereby such fee application is made to the circuit court and that court remands the matter to the district court.  <u>See</u>, <u>e.g.</u>, <u>Planned Parenthood of Cent. New Jersey v. Attorney General of State of New Jersey</u>, 297 F.3d 253, n. 2 (3d Cir. 2002) (noting that application for appellate fees was originally submitted to circuit court, then remanded to district court); <u>Barnes Foundation v. Township of Lower Merion</u>, No. 96-372, 2006 WL 2037464, at *2 (E.D. Pa. July 18, 2006) (noting that Court of Appeals had remanded appellate fee application under L.A.R. Misc. 108 for determination by district court); <u>Whiteland Woods, L.P. v. Township of West Whiteland</u>, No. 96-8086, 2001 WL 936490, at *1 (same).

[26] No. 98-5956, 2001 WL 1298996, at *1 (E.D. Pa. Oct. 25, 2001).

[27] <u>Id.</u>

under L.A.R. Misc. 108.  "Therefore, this matter is not before the proper court,"[28] and Plaintiffs'
request for appellate attorneys' fees will be denied.

The final category of work for which Plaintiffs request a fee award is the preparation
of the instant Motion for supplemental attorneys' fees.  Because the Court denies as procedurally
defective Plaintiffs' fee requests related to work on the merits of this case, the Court deems it
improper to award their fee request as to work on this Motion.  Accordingly, and in sum, Plaintiffs'
Motion  for supplemental attorneys' fees will be denied.

### B.  Defendant's Motion for Partial Relief from Judgment

In the second Motion before the Court, Defendant moves under Fed. R. Civ. P. 60(b)
for partial relief from judgment.[29]   Defendant asks that the attorneys' fees the Court awarded
Plaintiffs after trial, and interest on these attorneys' fees, be reduced to the same degree that the
overall damages award was reduced by the Court of Appeals.

The premise of Defendant's Motion is that the Court's determination as to the
appropriate amount of attorneys' fees was a direct function of the amount of damages, and in
particular, punitive damages, Plaintiffs won at trial.  Since the Court of Appeals reduced the punitive
damages amount, the argument runs, the fee award determined by that amount should be reduced
commensurately; and, as the attorneys' fee award is reduced, the interest awarded on that fee must
likewise go down.

Plaintiffs counter that the Court did not award attorneys' fees as a percentage of total

---

[28] Id.

[29] Federal Rule of Civil Procedure 60(b) provides, in relevant part, "[o]n motion and just terms, the court
may relieve a party or its legal representative from a final judgment . . . for the following reasons: . . . (5) the
judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or
vacated . . . ." Fed. R. Civ. P. 60(b) (2007).  This Court has jurisdiction to entertain Defendant's Rule 60(b) Motion.
See Standard Oil, 429 U.S. at 19 (after adjudication on appeal, party in cause not required to obtain leave of
appellate court before filing Fed. R. Civ. P. 60 motion in the district court).

recovery or in an amount calculated by reference to the exact dollar amount of the punitive damages award, as Defendant contends.  Instead, having determined that an award of attorneys' fees was warranted under section 8371, the Court calculated the fee by applying the lodestar analysis called for under Pennsylvania Rule of Civil Procedure 1716, and then considering whether to apply certain fee enhancements.  Plaintiffs also note that the Court of Appeals affirmed the Court's ruling as to Plaintiffs' attorneys' fee award.[30]  That court also affirmed the judgment on the verdict, the attendant compensatory damages award, and the sufficiency of the evidence supporting the jury's punitive damages award, but reduced the amount of the punitive damages award to the "outermost limit of the due process guarantee."[31]  Plaintiffs thus contend that the decision of the circuit court did nothing to disturb this Court's basis for making the fee award at issue and cannot serve as a justification for a reduction of the award.

Plaintiffs accurately describe the process by which this Court determined the fee award at issue and the import of the Third Circuit's opinion with respect to that award.[32]  As such, the Court finds no merit in Defendant's Motion.  The premise underlying Defendant's Motion, that the attorneys' fee award was a direct function of the overall amount of the jury's damages award, is plainly controverted upon even a cursory review of this Court's Memorandum and Order regarding the challenged award.

In that Memorandum, the Court noted that a victim of bad faith by an insurer "is left less than whole not only by the denial of the benefits of the policy but also the legal fees it was forced to incur to prove the denial was in bad faith.  An award of attorneys' fees – in addition to the

---

[30] Judgment [Doc. No. 109].

[31] Jurinko, 305 Fed. Appx. at 30 (quoting State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 425 (2003))

[32] See June 26, 2006 Mem. Op. at 6-21.

benefits of the policy – works to make the insured completely whole."[33]   The Court of Appeals affirmed the jury's verdict as to liability, and thus did not disturb the basis for the challenged award – the need to make the Plaintiffs whole.   Moreover, the Third Circuit affirmed that a substantial punitive damages award was justified herein, along with the large compensatory award, and reduced the punitive damages award only to the maximum amount allowable under law.   Thus, this is hardly a case involving a reversal on the merits[34] or exclusively  nominal damages,[35] as seen in the inapposite cases forwarded by Defendant.   Rather, here, the reasons for the fee award and the lodestar calculation underlying it stand unaffected by the circuit court decision.   From this Court's June 26, 2006 opinion, it is plain that the basis for the award at issue was not the precise amount of the punitive damages award, but the quality of counsels' efforts and of the benefit they conferred upon Plaintiffs.   Defendant's highly limited and selective reference to the Court's prior decision on the question is unavailing, to say the least, and Defendant's Motion will be denied.

## IV.  CONCLUSION

For the reasons set forth above, the Court will deny the two Motions at bar.   An appropriate Order follows.

---

[33] Id. at 8.

[34] See California Medical Ass'n v. Shalala, 207 F.3d 575 (9th Cir. 2000) ("[s]ince the fee award is based on the merits judgment, reversal of the merits removes the underpinnings of the fee award").

[35] See Flowers v. S. Regional Physician Servs., Inc., 86 F.3d 798 (5th Cir. 2002) (attorneys' fee award denied where substantial damages award vacated and nominal damages award ordered in its place); Maul v. Constan, 23 F.3d 143 (7th Cir. 1994) (attorneys' fee award denied where no actual injury proved and only nominal damages awarded).